BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

DEBORAH R. DOUGLAS (NYBN 2099372)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7200
    Facsimile: (415) 436-7234
    E-Mail: deborah.r.douglas@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CR 15-0575 WHO (JCS) |
| v. | ) |
| JOSUE OLMAN MARTINEZ, <br>     a/k/a "Pana," <br>     a/k/a "Panita," | ) [~~PROPOSED~~] DETENTION ORDER |
| Defendant. | ) |

On December 10, 2015, defendant Josue Olman Martinez ("defendant") was indicted on two counts of possession with intent to distribute methamphetamine and cocaine, respectively. Defendant was initially presented and arraigned on January 6, 2016. The statutory prison term for count one is a mandatory minimum of 5 years and a maximum of 40 years, and a maximum of 20 years for count two. Pursuant to the Bail Reform Act, the government moved for a detention hearing and invoked the presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A).

The detention hearing proceeded by proffer on January 11, 2016, and was completed at an evidentiary hearing on January 29, 2016. Defendant was present in custody and represented by

Stipulation and Order                                              1
CR 15-0575WHO

Assistant Federal Public Defender Galia Amram.  The United States was represented by Assistant United States Attorney Deborah R. Douglas.

Pretrial Services submitted a report in which it concluded that defendant poses a significant risk of non-appearance and a danger to the community.  With respect to defendant's flight risk, Pretrial Services identified factors including defendant's lack of legal status in the United States, his possession of a fraudulent permanent residency card, his citizenship, family ties, and property in Honduras, his prior residences in two foreign countries, his self-reported illicit drug use, and his unverified current employment. Defendant requested that Pretrial Services not verify his current employment due to his "immigration status."[1] Pretrial Services identified mitigating factors as defendant's long-time residence and family ties in this district, his previous verified long-term employment, and his self-reported lack of foreign travel since entering the United States. Pretrial Services recommended a combination of conditions, including electronic monitoring and viable sureties with cash and/or property to secure a bond.

Upon consideration of the facts, testimony, proffers, and arguments, the Court finds by a preponderance of evidence that defendant is a serious flight risk, and that no condition or combination of conditions will reasonably assure his appearance as required. The Court reserves judgment on whether there is clear and convincing evidence that defendant is a danger to any other person and the community and whether any conditions could reasonably assure the community's safety.  The full facts are set forth on the record of the detention hearing which include, but are not limited to, the following: Defendant, a citizen of Honduras, is illegally present in the United States.  As set forth in the pre-trial services report, defendant acknowledged that he crossed the border through Texas when he first entered the United States in 2000 or 2001.  Upon execution of a state search warrant on June 25, 2015, the items seized from defendant's room included a permanent resident card containing defendant's name, photograph, and purported alien registration number.  The government proffered that defendant's permanent resident

---

[1] On January 11, 2016, government's counsel proffered that defendant's current employment, as set forth in the pre-trial services report, does not exist on the internet. On January 29, 2016, the defense counsel represented that both she and the pretrial services officer misheard defendant when he provided the name of his current place of employment.  The defense lawyer further represented that her office recently verified defendant's actual current employment.

card is fraudulent and that the alien registration number set forth on that card is not assigned to this defendant. The pre-trial services report states that the alien registration number set forth on defendant's permanent resident card is assigned to another person from Venezuela.

In addition, the government presented evidence that defendant is a member of the Bryant Street Norteno street gang ("22B Nortenos"), a violent Hispanic gang that claims territory all over the Mission District of San Francisco. The government's evidence included that defendant's role in the 22B Nortenos was to collect money, including from other gang members, on a regular basis to support the gang's activities. The government proffered that defendant has access to money through his role in the 22B Nortenos and also could arrange for the production of fraudulent documents, as evidenced by his fraudulent permanent resident card. The government further proffered that, in the last few years, defendant has resided at different residences and that defendant told pre-trial services that he had been residing with his girlfriend and her parents for one month prior to his recent arrest. Defendant's girlfriend and her parents offered to co-sign an unsecured bond. The government proffered that the proposed sureties are the sister and parents of defendant Pedro Juarez, another 22B Norteno, whom they have been unable to control. Defendant Pedro Juarez was recently indicted for charges including possession of a loaded firearm, and is in pre-trial federal custody.

At the evidentiary hearing in this matter, the Court heard testimony from Sgt. Michael Browne. While the Court declines at this time to make a finding that there are no combination of conditions that would reasonably assure the safety of the community, the Court does find by a preponderance of the evidence that the Defendant has been involved in various unlawful activities in connection with the 22B Nortenos. In addition, the Court finds that the preferred sureties are not suitable. In light of these findings, the proffers of the Government, Defendant's entry into and presence in the United States unlawfully, his possession of a forged permanent resident card, and his ties to Honduras, the Court finds that no combination of conditions would reasonably assure his presence.

Pursuant to 18 U.S.C. § 3142(i), it is FURTHER ORDERED that:

(1) The defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel; and

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

DATED: February __3__, 2016



HONORABLE JOSEPH C. SPERO
Chief Magistrate Judge

Stipulation and Order                    4
CR 15-0575WHO