UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>JOSUE OLMAN MARTINEZ,<br>　　　　Defendant. | Case No. 15-cr-00575-WHO-1<br><br>**ORDER DENYING MOTION TO QUASH**<br>Re: Dkt. No. 20 |

　　The government, joined by the San Francisco Police Department (SFPD), moves to quash a subpoena for documents concerning information that an informant provided to SFPD that was used in furtherance of obtaining a search warrant issued on June 25, 2015 for the search of 751 Madrid Street, San Francisco, CA.[1]  The subpoena seeks to gather evidence for a motion to suppress under *Franks v. Delaware*, 438 U.S. 154, 171 (1978) in the event that the affiant made material misstatements and omissions in the search warrant application.  Defendant Martinez asserts that the search warrant sought evidence related to a murder unconnected to him but that, during the search, the police broke through a locked door to find drugs in his room that form the basis of this prosecution.  The warrant allowed a search of the entire house; according to the defendant, the issue is whether the police knew and failed to disclose to the judge issuing the warrant that there were five locked rooms in the house, akin to an apartment building, which would render the search unconstitutional.

　　The government argues that Federal Rule of Criminal Procedure 16, not 17(c), should govern the subpoena, and that the defendant is seeking to take an end run around the government

---

[1] The government has represented that it will not call the informant as a witness.

in a meritless fishing expedition. Given that SFPD and not the government possesses the requested documents, I find that Rule 17 applies and that, accordingly, the government's reliance on *United States v Fort*, 472 F. 3d 1106 (9th Cir. 2007) is inapposite.

The defendant's request is specific and targeted for a *Franks* motion. It is not a fishing expedition. Defendant's opposition to the motion to quash focused on obtaining the schematic drawing and any documents describing the informant's interview with the police (which formed the basis, in part, of the search warrant). At the hearing, the government represented that no report of the interview was prepared. Defendant then reiterated his request for notes of the interview, particularly in light of the lack of a report. By the end of the hearing, the government had provided the schematic drawing to the defense.

With respect to production of the notes, I will assume without deciding that *United States v. Nixon,* 418 U.S. 683 (1974) applies to a subpoena under Rule 17, and find that this subpoena meets all of *Nixon's* requirements. Without a report of the interview, the only documents that might shed light on what the affiant knew from the informant are the notes. As Judge Henderson observed in *United States v. Johnson* 14-cr-212 TEH, 2014 WL 6068089 *6 (N.D. Cal Nov. 13, 2014), there are valid evidentiary uses for such notes, as they will give a clearer picture of what the affiant knew before seeking the warrant for the entire house. The documents are not reasonably procurable, since they are in the possession of SFPD. The defendant needs the documents prior to filing the *Franks* motion, as it has the burden. And I find that the application is made in good faith, given the circumstances described above.

Accordingly, I DENY the motion to quash and ORDER that notes of the interview with the informant as subpoenaed by the defendant be produced by April 19, 2016. SFPD may redact any portion of the notes that is completely unrelated to the informant's description of 751 Madrid Street and its living arrangements. Should SFPD redact any part of the notes, however, it shall lodge in camera an unredacted copy of the notes for my review, and I will determine if there are

2

1 other discoverable portions of it.

2 **IT IS SO ORDERED**.

3 Dated: April 14, 2016



WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California

3